UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES WILLIAM S.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:22-CV-00457-BLW-DKG<br><br>**REPORT AND RECOMMENDATION** |

### INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's partial denial of his applications for disability insurance benefits and supplemental social security income. (Dkt. 1). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and is fully briefed. (Dkts. 14, 22). Having carefully reviewed the parties' memoranda and the entire

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

REPORT AND RECOMMENDATION – 1

administrative record (AR), the Court will recommend that the decision of the Commissioner be affirmed for the reasons set forth below.

## BACKGROUND

On March 29, 2019, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income benefits for a period of disability beginning February 1, 2019, based upon physical and mental impairments including "organic brain injury occurred at 1 & ½ years old, ADHD, PTSD, hearing loss beyond average limits, full (right) hip replacement surgery, high blood pressure, high cholesterol, severe sleep apnea, general depression, and anxiety." (AR 439). Plaintiffs claim was denied initially on May 17, 2019, and again on reconsideration on July 19, 2019. (AR 176).

On September 8, 2021, a second hearing was held before Administrative Law Judge ("ALJ"), Jesse K. Shumway. (AR 15-31)[2]. After obtaining testimony from Plaintiff and a vocational expert, ALJ Shumway issued a partially favorable decision on September 24, 2021, finding Plaintiff was disabled beginning on September 8, 2021, through direct application of Medical-Vocational Rule 202.06, after accounting for

---

[2] The first hearing was conducted telephonically on August 26, 2020, and the second hearing was conducted via online video means on September 8, 2021, due to the unprecedented conditions of the Coronavirus (COVID-19) Pandemic. (AR 15, 176). At the first hearing, the ALJ proceeded via telephone despite the fact that Plaintiff had withdrawn his consent to do so. (AR 176). The first ALJ issued a decision finding Plaintiff had not been under a disability from February 1, 2019, through the date of the decision. (AR 189). Because Plaintiff had withdrawn his consent prior to the first hearing, the Appeals Council issued a remand order, resulting in the second hearing held on September 8, 2021. (AR 15).

**REPORT AND RECOMMENDATION – 2**

Plaintiff's age, education, work experience, and residual functional capacity (RFC). (AR 12-40).

Plaintiff requested review by the Social Security Appeals Council, which denied his request for review on September 7, 2022, making the ALJ's decision finding Plaintiff disabled beginning on September 8, 2021, the final decision of the Commissioner. (AR 1-6). Plaintiff timely appealed only the portion of the final decision finding no disability prior to September 8, 2021, on November 6, 2022. (Dkt. 1).

The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Plaintiff was fifty-two years of age at the time of the alleged disability onset and fifty-four years old at the time of the hearing. (AR 29). Plaintiff has at least a high school education and has past relevant work experience as a packaging machine operator, post office clerk, cashier/checker, and painter. (AR 28).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520 and 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date, February 1, 2019. (AR 19). At step two, the ALJ

found Plaintiff had the following severe impairments: obesity, status-post right hip replacement, depressive disorder, post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and generalized anxiety disorder (GAD). (AR 19). The ALJ found Plaintiff's sleep apnea, hearing loss, right shoulder pain (rotator cuff), and mild osteoarthritis of right knee were non-severe impairments. (AR 19). The ALJ further found Plaintiff's left hip complaints were not medically determinable within the meaning of the regulations. (AR 19). At step three, the ALJ determines whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. Here, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or were medically equal to the severity of one of the listed impairments. (AR 19).

The ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations:

> [H]e is able to stand and walk a total of 4 hours in combination in an 8-hour workday; he is limited to no climbing of ladders/ropes/scaffolds, only occasional climbing of ramps/stairs, and occasional balancing, stooping, kneeling, crouching, and crawling; he cannot have concentrated exposure to extreme cold or vibration; he can have no exposure to hazards, such as unprotected heights and moving mechanical parts; he is limited to simple, routine tasks; he can have no contact with the public, and only occasional, superficial contact with coworkers and supervisors, with no collaborative tasks; and he requires a routine, predictable work environment with no more than occasional changes and simple decision making.

**REPORT AND RECOMMENDATION – 4**

(AR 22). At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (AR 28). Relying upon testimony of the vocational expert, the ALJ concluded at step five that jobs exist in significant number in the national economy that Plaintiff could perform given his age, education, work experience, and RFC, such as small parts assembler, marker, and electrical accessories assembler. (AR 30). The ALJ therefore determined that Plaintiff was not disabled prior to September 8, 2021. (AR 30). However, at the September 8, 2021, hearing, the ALJ applied the age categories non-mechanically, and found Plaintiff's age category changed to an individual of advanced age as of the date of the hearing. 20 C.F.R. §§ 404.1563 and 416.963; (AR 29). Consequently, the ALJ found Plaintiff disabled beginning on September 8, 2021, by applying Medical-Vocational Rule 202.06.[3] (AR 30). Here, Plaintiff challenges the ALJ's denial of benefits prior to September 8, 2021. (Dkt. 14 at 2).

## ISSUES FOR REVIEW

The following issues are raised on appeal:

1. Whether the ALJ erred at step two in finding Plaintiff's left hip pain was not a medically determinable impairment.
2. Whether the ALJ properly evaluated Plaintiff's subjective symptom statements regarding his left hip pain.
3. Whether the ALJ erred in formulating Plaintiff's RFC.

---

[3] Medical-Vocational Rule 202.06 states that an individual limited to light work is disabled where he is of advanced age (55 or older), has a high school or greater education that does not provide for direct entry into skilled work, and has skilled or semi-skilled relevant work from which no skills are transferable to other jobs the individual can perform. Appendix 2 to Subpart P of 404.

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the final decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's

claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

Each of the issues raised by Plaintiff on appeal are addressed below.

**1. Step Two Challenge**

Plaintiff argues the ALJ erred at step two in finding that Plaintiff's "left hip complaints are not medically determinable within the meaning of the regulations." (Dkt. 14 at 4; AR 19). At step two, the claimant has the burden to provide evidence of a medically determinable impairment. *Ukolov v. Barnhart*, 410 F.3d 1002, 1004-05 (9th Cir. 2005). The ALJ must determine whether the claimant has "a medically determinable physical or mental impairment" resulting from "anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521 and 416.921. "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." *Id.* The ALJ cannot use the claimant's symptoms to establish the existence of an impairment. *Id.*

The ALJ's conclusion that Plaintiff's left hip complaint was not a medically determinable impairment is supported by substantial evidence. The ALJ reviewed the medical record and found it did not establish objective evidence to support a left hip impairment. (AR 19). Specifically, the ALJ found the record absent of any clinical findings, imaging, or diagnosis to support a left hip impairment. (AR 19).

On review, Plaintiff cites only to his own statements in the hearing transcript to support his assertion that the ALJ erred at step two. (Dkt. 14 at 4). For instance, Plaintiff stated during his testimony that his "left hip is showing signs of arthritic decay, like my right hip did about six months before I had to have it replaced." (AR 48). However, Plaintiff then testified that he had not sought treatment for his left hip at the time of the hearing and did not provide any imaging related to his left hip. (AR 48, 54). Plaintiff does not point to any objective medical evidence in the record during his testimony or in his brief as support for his assertion that he suffers from a left hip impairment. (Dkt. 14). This is insufficient to satisfy Plaintiff's burden. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (Plaintiff has the initial burden of proving disability at this step, and Plaintiff's testimony at the hearing does not by itself establish a medically determinable impairment). Accordingly, the Court finds the ALJ's step two determination is without error. *Ukolov*, 420 F.3d at 1005 ("regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings.")

In the alternative, any error in the ALJ's conclusion regarding Plaintiff's left hip

**REPORT AND RECOMMENDATION – 8**

pain at step two was harmless. There was no prejudice to Plaintiff given that the ALJ decided step two of the disability determination in Plaintiff's favor and went on to consider Plaintiff's left hip symptom statements when formulating the RFC at step four. (AR 22); *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to identify an impairment as severe at step two is harmless where the ALJ considers any limitations posed by the impairment at step four).

### 2. Plaintiff's Subjective Symptom Testimony

#### a. Legal Standard

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Garrison*, 759 F.3d at 1014-15; 20 C.F.R. §§ 404.1529 and 416.929 (Mar. 27, 2017)).

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may discredit the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). It is "not sufficient for the ALJ to make only general findings; he [or she] must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the

claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

When evaluating the intensity and persistence of symptoms, the ALJ must consider all of the evidence in the record. *See* SSR 16-3p (March 16, 2016), 2016 WL 1119029, at *1-2. The ALJ is directed to examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*. at *4.

The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id*. at *6-7.

### b. The ALJ's Decision

The ALJ found Plaintiff's subjective symptom allegations concerning the intensity, persistence, and limiting effects of his symptoms were not fully supported. (AR 23). The ALJ stated the medical evidence and record as a whole did not support finding a

more restrictive RFC than that determined by the ALJ. (AR 23). The ALJ reviewed the medical record, found it reflected only limited conservative treatment with medication management, and that the medical evidence did not support the degree of disabling severity alleged by Plaintiff. (AR 23). The ALJ considered the medical evidence related to Plaintiff's right hip replacement, and found the records stated Plaintiff was doing well, reporting minimal pain, and the replacement was well seated. (AR 23).

The ALJ found that despite Plaintiff's testimony at the hearing regarding disabling left hip pain, no complaint or treatment for it was documented in the record. (AR 25). Further, the ALJ discussed Plaintiff's reported engagement in a wide range of daily activities, which the ALJ found to be consistent with the capacity to perform light exertional level work (preparing complete meals, caring for/playing with the dog, performing household chores, traveling independently, walking, driving, and shopping in stores). (AR 25). The ALJ additionally noted at the previous 2020 ALJ hearing, Plaintiff testified that he chopped wood regularly and could lift 50 pounds. (AR 25). The ALJ found the physical limitations assessed in the RFC accommodated Plaintiff's physical impairments.

The ALJ went on to consider Plaintiff's alleged new and/or worsening physical conditions since the 2020 hearing, including his left hip pain, finding:

> [T]here is no new objective medical evidence to support finding greater limitations or any deterioration in his condition(s). Significantly, during treatment follow-up visits in August, September and November 2020, the claimant's treating provider assessed obesity (based on BMI of 40-44.9) along with PTSD and ADHD; however, rather than assessing disability from physical activity, encouraged the claimant to exercise "for at least 30 minutes a day" (Ex. 17F/7, 12-13, 20, 26), which is not consistent with

**REPORT AND RECOMMENDATION – 11**

> claimant's allegations of debilitating hip, knee or shoulder pain limiting him from standing and/or walking for longer than only brief periods. As to claimant's left hip allegations, there is no objective evidence (e.g., imaging) to establish any joint degeneration or impairment of his left hip, so this allegation fails the first prong of the symptom-evaluation test. With respect to claimant's right shoulder and right knee allegations, the record indicates he has sought virtually no treatment for these alleged issues during the relevant period. When asked why at the hearing, claimant testified that money is an issue, but then went on to correct himself by noting that it would be fully covered by the VA. He then went on to testify that his household would suffer if he were to seek treatment because he would not be able to do all of the household chores he usually does. I find this is simply an admission by the claimant that he remains quite capable of exertional activities, certainly consistent with light exertional-level work capacity subject to additional limitations set forth in this decision. I find the absence of complaints to his treating providers about these alleged impairments, coupled with the dearth of treatment for them, clearly undermines the claimant's allegations of significant symptoms.

(AR 26).

### c. Analysis

Plaintiff argues that the ALJ erred in discrediting his complaints of left hip pain by finding, at step one of the subjective symptom analysis, that Plaintiff had no medically determinable impairment of the left hip. (Dkt. 14 at 5); Social Security Ruling ("SSR") 16-3p, 2016 LEXIS 4, 2016 WL 1119029, at *2. Plaintiff contends that his left hip pain was caused by his right hip replacement – which is a medically determinable impairment – and, therefore, the ALJ erred in evaluating the intensity and persistence of his symptoms. (Dkt. 14 at 5).

Plaintiff did not raise this argument to the ALJ. *See Harshaw v. Colvin*, 616 Fed. Appx. 316, 316 (9th Cir. 2015)*; Meanel*, 172 F.3d at 1115 ("We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at

their administrative hearings in order to preserve them on appeal.") During the hearing, Plaintiff testified that he had left hip pain, but he did not attribute the left hip pain to his right hip replacement. Rather, Plaintiff testified that he is experiencing symptoms in his left hip similar to what he experienced with his right hip, prior to the right hip replacement. The ALJ questioned Plaintiff about his left hip pain multiple times throughout the hearing, and Plaintiff made no mention of the now proffered relationship between the right hip replacement and the left hip pain. (AR 48, 54, 56). Thus, the ALJ considered Plaintiff's contentions of left hip pain in the context of whether he had a left hip impairment that was causing his left hip pain.

The first step of the analysis requires the ALJ to determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [his] impairment 'could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom, but rather requires the causal relationship to be a reasonable inference, not a medically proven phenomenon. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Here, the Court finds the ALJ reasonably concluded that Plaintiff failed to present objective medical evidence of an underlying left hip impairment which could reasonably be expected to produce his alleged left hip pain. (AR 26). Specifically, the ALJ found there was no imaging evidence of any left hip impairment or evidence of deterioration in his condition. (AR 26). The ALJ noted that the follow-up treatment visits in August, September, and November 2020, encouraged plaintiff to exercise for at least thirty minutes a day, which is inconsistent with Plaintiff's allegations of debilitating hip pain. (AR 26). The Court finds no error in the ALJ's reasoning or conclusion at step one of the subjective symptom analysis. The ALJ addressed the arguments as presented and the ALJ's decision is supported by substantial evidence. It was Plaintiff's burden at this stage to present evidence of his impairments and to prove he is disabled. *Burch*, 400 F.3d at 679; *Lingenfelter*, 504 F.3d at 1035-36. Plaintiff does not point to any evidence in the record suggesting that his right hip replacement reasonably caused some degree of his left hip pain. (Dkt. 14). Thus, Plaintiff has failed to meet his burden or establish error by the ALJ. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

Even if the ALJ erred with regard to Plaintiff's statements about his left hip pain at the first step of the analysis, the ALJ gave other specific, clear and convincing reasons for discrediting Plaintiff's symptom statements. (AR 26); *Molina*, 674 F.3d at 1112; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the ALJ identifies valid reasons supported by substantial evidence for the assessment of

Plaintiff's symptom statements, any error resulting from other invalid reasons is harmless). First, the ALJ considered the absence of complaints to treating providers about his left hip pain and identified the complete lack of objective medical evidence presented when considering Plaintiff's symptom testimony. (AR 26); *Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.") Second, the ALJ found the fact that Plaintiff had not sought any treatment in relation to his left hip undermined his symptom allegations and did not support his contention of disabling left hip pain. (AR 26, 48); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (The ALJ may discount Plaintiff's subjective complaints because of unexplained or inadequately explained failure to seek treatment). Third, the ALJ considered daily living activities in discussing Plaintiff's subjective symptom testimony. *Burch*, 400 F.3d at 681. The ALJ identified Plaintiff's reported activities of preparing meals daily, caring for and playing with the dog, performing household chores and minor repairs, mowing the lawn, and weeding/gardening, and found those activities to be consistent with Plaintiff's capacity to perform at least light exertional level work, and therefore inconsistent with Plaintiff's allegations of disabling pain. (AR 25). The ALJ determined that Plaintiff engages in numerous daily activities involving skills transferable to the workplace at a light exertional level and considered such evidence in discrediting Plaintiff's symptom testimony. Finally, the ALJ reviewed the medical evidence, specifically, the most recent treatment notes, and found them to be inconsistent with Plaintiff's symptom allegations of disabling left hip pain. (AR 26); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

**REPORT AND RECOMMENDATION – 15**

The ALJ identified specific medical evidence (AR 1325, 1330-31, 1338, 1344), encouraging Plaintiff to exercise for at least 30 minutes a day, which contradicts Plaintiff's testimony of debilitating hip pain limiting him from standing/walking for longer than only brief periods. (AR 26). For these reasons, the Court finds the ALJ properly evaluated Plaintiff's symptoms statements and provided specific, clear and convincing reasons for rejecting Plaintiff's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (As long as the ALJ's credibility finding is supported by substantial evidence in the record, the Court "may not engage in second guessing.")

3.  **RFC Determination**

Plaintiff argues the ALJ erred by failing to consider his left hip pain complaints in formulating the RFC, and specifically as it relates to him being off task during the workday. (Dkt. 14 at 6-7). Plaintiff contends the ALJ failed to mention or discuss his left hip pain, and therefore the RFC was not based on substantial and competent evidence. (Dkt. 14 at 8).

The ALJ explicitly considered Plaintiff's left hip pain multiple times throughout the decision (AR 19, 23, 25, 26) and accounted for it in the RFC – standing/walking limited to 4 hours a day and other non-exertional limitations. (AR 22).  The record does not support Plaintiff's contentions of debilitating left hip pain beyond the limitations found in the RFC. 20 C.F.R. § 404.1545(a); *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001) (In formulating Plaintiff's RFC, the ALJ is not required to include limitations that are not supported by substantial evidence). Further, the ALJ did not err by not including a time off-task limitation in the RFC. An ALJ may omit limitations arising

**REPORT AND RECOMMENDATION – 16**

out of Plaintiff's subjective complaints if the subjective complaints have been specifically discredited. *Copeland v. Bowen*, 861 F.2d 536, 541 (9th Cir. 1988). (An RFC excluding subjective pain limitations is supported by substantial evidence where the ALJ specifically discredited claimant's pain testimony). The Court has not found any harmful errors in the ALJ's impairment determination or analysis of Plaintiff's subjective symptom testimony. The Court finds the ALJ included all those limitations found to be credible and supported by substantial evidence. *Osenbrock*, 240 F.3d at 1164-65. Thus, the ALJ did not err in formulating Plaintiff's RFC.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that:

1) The decision of the Commissioner of Social Security be **AFFIRMED**;

2) Judgment be **ENTERED** consistent with the above in favor of Defendant.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: December 6, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge